# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50290

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2020

Lyle W. Cayce
Clerk

HECTOR DAVID SANCHEZ,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-59

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Hector David Sanchez, Texas prisoner # 02093641, pleaded guilty to one count of sexual assault of a child and one count of indecency with a child by contact; he was sentenced on June 7, 2016 to concurrent terms of 20 years of imprisonment. He seeks a certificate of appealability (COA) to appeal the denial as time barred of his 28 U.S.C. § 2254 application.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50290

The Supreme Court has held that actual innocence, if proven, serves as a gateway through which a prisoner may raise § 2254 claims despite expiration of the applicable limitations period under 28 U.S.C. § 2244(d). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the Court reiterated that tenable actual innocence claims are rare because the applicant "does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Sanchez argues that he is actually innocent and should not be precluded by the statute of limitations from raising his claim of ineffective assistance of counsel. He relies upon the actual innocence gateway approved by *McQuiggin* to overcome the time bar. Because Sanchez has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), his motion for a COA is denied.

We construe his motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue. *See Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016). Sanchez fails to demonstrate the existence of any disputed facts that, if resolved in his favor, would have entitled him to habeas relief; therefore, the district court did not abuse its discretion in not conducting an evidentiary hearing. *See id.* at 235.

Sanchez's motions for leave to proceed in forma pauperis (IFP) on appeal and to stay these proceedings are denied.

COA DENIED; AFFIRMED; IFP DENIED; MOTION TO STAY DENIED.